DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| **TALLARD TECHNOLOGIES, INC.,** | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 2004-101 |
| **IPROVIDE GROUP, INC.** and **BRENT LEERDAM,** | ) |
| Defendants. | ) |
| **IPROVIDE GROUP, INC.** and **BRENT LEERDAM,** | ) |
| Third-Party Plaintiffs, | ) |
| v. | ) |
| **AVAYA, INC.,** | ) |
| Third-Party Defendant. | ) |

**Attorneys:**
**Charles S. Russell, Esq.,**
St. Thomas, U.S.V.I.
    *For the Plaintiff Tallard Technologies, Inc.*

**Charles E. Engeman, Esq.,**
**Treston E. Moore, Esq.**
St. Thomas, U.S.V.I.
    *For the Third-Party Defendant Avaya, Inc.*

**Brent Leerdam,** *Pro Se*
    *For the Defendant and Third-Party Plaintiff*
    *Brent Leerdam*

## MEMORANDUM OPINION

**Lewis, District Judge**

This matter comes before the Court on "Third-Party Defendant Avaya Inc.'s Renewed and Supplemental Motion to Dismiss Third-Party Plaintiffs' First Amended Counterclaim and Crossclaim" (Dkt. No. 77), which was joined by Plaintiff Tallard Technologies, Inc. (Dkt. No. 79), and "Plaintiff's Motion to Dismiss Claims Against Defendants." (Dkt. No. 81). For the reasons that follow, the Motion to Dismiss the Third-Party Plaintiffs' claims against Avaya, Inc. ("Avaya") and Tallard Technologies, Inc. ("Tallard") will be granted and the Motion to Dismiss Plaintiff's claims against Defendants IProvide Group, Inc. ("IProvide") and Brent Leerdam ("Leerdam") will also be granted.

## PROCEDURAL BACKGROUND

Tallard commenced this action for debt on a promissory note and personal guaranty in July 2004 with the filing of a Complaint against Defendants IProvide and Leerdam (collectively, "Defendants"). (Dkt. No. 1). Defendants filed an Answer and Counterclaim in October 2004. (Dkt. No. 8). In February 2005, Defendants/Third-Party Plaintiffs IProvide and Leerdam filed a "First Amended Answer, Counterclaim and Crossclaim" in which they asserted three causes of action against Avaya and Tallard. (Dkt. No. 18). In March 2005, Third-Party Defendant Avaya filed a Motion to Dismiss the Third-Party Plaintiffs' Counterclaim and Crossclaim. (Dkt. No. 36). In April 2005, IProvide and Leerdam opposed Avaya's Motion. (Dkt. Nos. 30, 31). Also in April 2005, Tallard filed an Answer to Defendants' Amended Counterclaim. (Dkt. No. 26).

In July 2005, Defendants' counsel moved to withdraw. (Dkt. No. 51). The motion was granted and Defendants were given ten days to find new counsel, "failing which the matter will proceed by default." (Dkt. No. 52). In September 2005, because Defendants had failed to engage

successor counsel pursuant to the Court Order, default was entered against Defendants; Tallard was ordered to move for default judgment; and Avaya was ordered to submit a proposed order granting its Motion to Dismiss the Third-Party Complaint. (Dkt. 54). Tallard moved for entry of default judgment on September 19, 2005. (Dkt. No. 55). On October 28, 2005, new counsel filed a notice of appearance on behalf of Defendants. (Dkt. No. 59). The next entry on the docket report, dated March 24, 2006, was a motion to withdraw by Defendants' counsel. (Dkt. No. 60). On April 7, 2006, the Court granted the motion to withdraw and ordered Defendants to have substitute counsel enter an appearance within thirty days. (Dkt. No. 61). The Court extended that deadline until June 2006 (Dkt. No. 63), but no appearance of substitute counsel was forthcoming.

In February 2007, the Court administratively dismissed the case. (Dkt. No. 64). Plaintiff moved to reopen in April 2007, and the motion was granted in September 2009. (Dkt. No. 67). The Court issued scheduling orders and held a status conference in December 2011.

In March 2012, Third-Party Defendant Avaya filed the instant "Renewed and Supplemental Motion to Dismiss Third-Party Plaintiffs' First Amended Counterclaim and Crossclaim." (Dkt. No. 77).[1] In its brief, Avaya recounted the procedural history of the case and noted that, since February 2005, Defendants "have done little to prosecute their claims against Avaya, and indeed, it appears that IProvide and Leerdam have abandoned their third party action." (Dkt. No. 78 at 2). Avaya referred specifically to Defendants' failures to engage counsel by court-ordered deadlines. According to Avaya, Defendants had not filed or served a single paper in this case since their successor counsel moved to withdraw in March 2006.[2] Avaya

---

[1] Avaya was renewing and supplementing its Motion to Dismiss IProvide and Leerdam's First Amended Counterclaim and Crossclaim, filed in March 2005. (Dkt. No. 36).

[2] Defendants' successor counsel had filed a Notice with the Court in December 2011 stating that counsel had received notice of the December 2011 status conference, but the firm had withdrawn

asserted that not only had Defendants failed to prosecute the claims asserted in their First Amended Counterclaim and Crossclaim, but they violated multiple Court Orders in the process, warranting dismissal of all claims against Avaya pursuant to Fed. R. Civ. P. 41(b). *Id.* at 3. Tallard joined in Avaya's Motion to Dismiss on March 13, 2012. (Dkt. No. 79). Defendants have not responded to this Motion.

Shortly thereafter, on March 19, 2012, Tallard filed the instant "Motion to Dismiss Claims Against Defendants," pursuant to Fed. R. Civ. P. 41(a)(2). Tallard claimed that Defendant IProvide failed to file its corporate statutory submissions since 2004; was not in good standing; and failed to comply with several court orders to secure counsel to both defend the action and pursue its Counterclaim. (Dkt. No. 81 at 2). Similarly, Defendant Leerdam—the last known registered agent for IProvide—also failed to secure counsel, pursuant to Court Order, and failed to defend the action and prosecute his Counterclaim *pro se*. Tallard thus requested dismissal of the action in its entirety—all claims asserted by Tallard against Defendants, and all claims asserted by Defendants against Tallard and Avaya. *Id.* at 3, 4. Defendants have not responded to this Motion.

## DISCUSSION

A. **Dismissal Pursuant to Rule 41(b)**

Avaya has moved to dismiss the claims asserted against it by IProvide and Leerdam pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The Rule provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

---

as Defendants' counsel back in 2006. (Dkt. No. 71).

Fed. R. Civ. P. 41(b). "A district court's decision to invoke this sanction is discretionary." *Andrews v. Gov't of V.I.*, 132 F.R.D. 405, 411 (D.V.I. 1990) (citing *Scarborough v. Eubanks*, 747 F.2d 871, 875 (3d Cir. 1984)). When considering dismissal as a sanction, a district court is ordinarily required to consider and balance six factors enumerated in *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984). Those factors are:

> (1) the extent of the *party*'s personal *responsibility;* (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a *history* of dilatoriness; (4) whether the conduct of the party or the attorney was *willful* or in *bad faith;* (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions;* and (6) the *meritoriousness* of the claim or defense.

*Id.* at 868. However, "when a litigant's conduct makes adjudication of the case impossible, such balancing under *Poulis* is unnecessary." *Shipman v. Delaware*, 381 F. App'x 162, 164 (3d Cir. 2010) (citing *Guyer v. Beard*, 907 F.2d 1424, 1429-30 (3d Cir. 1990) and *Spain v. Gallegos*, 26 F.3d 439, 454-55 (3d Cir. 1994)); *see also Mincy v. Klem*, 303 F. App'x 106, 108 (3d Cir. 2008) ("The 'impossibility' exception relieves a district court from analyzing the *Poulis* factors.").

Here, IProvide and Leerdam failed to comply with Court Orders—the latest one issued in April 2006—to secure counsel. IProvide, as a corporation, may only appear in court through licensed counsel. *See Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-02 (1993). IProvide's refusal to comply with the Court Order to secure counsel made adjudication of its claims impossible because it could not otherwise appear to prosecute its third party action.

The April 2006 Order also required Leerdam to secure substitute counsel. (Dkt. No. 61). He failed to either retain counsel or proceed *pro se* to prosecute the Counterclaim and Crossclaim—which also made adjudication of his claims impossible. Failure to prosecute is a sufficient basis for dismissal under Rule 41(b). Accordingly, the Court will grant Avaya's Motion to Dismiss filed against IProvide and Leerdam. *See Doe v. Megless*, 654 F.3d 404, 411

5

(3d Cir. 2011) (opining that failure to prosecute was a "sufficient" basis for dismissal under Rule 41(b), and approvingly quoting district court which found that because plaintiff's "conduct makes adjudication of the case impossible, dismissal pursuant to Rule 41(b) is appropriate. . .").[3] Because Tallard has joined that Motion, the Court will also dismiss IProvide and Leerdam's Counterclaim and Crossclaim against Tallard.

Although the Court has found that IProvide's and Leerdam's conduct made adjudication of the claims impossible, which provides a sufficient ground for dismissal under Rule 41(b), a weighing of the *Poulis* factors also points to the propriety of dismissal. As to the first factor—personal responsibility—IProvide and Leerdam are primarily responsible for violating Court Orders that required them to secure substitute counsel, and for failing to prosecute their claims against Avaya and Tallard since 2006. They have not engaged successor counsel in over seven years. Nor has Leerdam appeared *pro se* to prosecute his Counterclaim and Crossclaim. The second factor—prejudice—is satisfied because, as a result of IProvide's and Leerdam's failure to prosecute, Avaya and Tallard have had to expend resources in motions practice and proceed for many years with lingering unresolved matters pending against them. *See Allen v. Int'l Union*

---

[3] Both Defendants also failed to respond to the Motion to Dismiss. Before dismissing a case, "the Court must ensure that the *party* against whom [dismissal] is being sought has actual notice of the motion." *Andrews*, 132 F.R.D. at 411 (citing *Dunbar v. Triangle Lumber & Supply Co.*, 816 F.2d 126, 129 (3d Cir. 1987)). The address for both Defendants listed in the court records is a post office box on St. Thomas. Avaya's Certificate of Service indicates that it served both Defendants at that post office box. (Dkt. No. 77 at 2). Tallard states in its Motion to Dismiss that the post office box "continues to accept mail, to the extent that nothing sent there has been returned, to the best of the undersigned's knowledge and belief." (Dkt. No. 81 at 3). Tallard's joinder motion was served on Leerdam, who is also the last-known registered agent for IProvide, both at the post office box and at Nisky Center, IProvide's business address. (Dkt. No. 81 at 2). *Cf. Brunn v. Xtra Superfood Ctrs., Inc.*, 2001 WL 180136, at *2 (D.V.I. Jan. 4, 2001) (discussing 13 V.I.C. § 401(a), which requires that all foreign corporations must name an authorized agent in the Virgin Islands upon whom service of legal process against the corporation may be made, and discussing various service options on registered agents). The Court thus finds that Defendants had notice of Avaya's Motion to Dismiss, and Tallard's joinder motion.

*United Gov. Sec. Officers of Am.*, 2009 WL 482540, at *2 (D.V.I. Feb. 26, 2009) (plaintiff's "failure to participate in litigation that he initiated constitutes prejudice to the defendants."). The third *Poulis* factor—history of dilatoriness—is clearly satisfied, given Defendants' failure to respond to Court Orders to secure counsel, followed by their failure to appear for at least seven years. With regard to the fourth *Poulis* factor, while the record does not reveal any evidence of bad faith, Defendants' failure to respond to Court Orders and motions over the course of seven years suggests willful conduct by the Defendants. *See Cohen v. Gabriel Enters., Inc.*, 2013 WL 1154847, at *5 (D.V.I. Mar. 21, 2013) (finding willful conduct where defendants disregarded plaintiffs' legal communications and Court filings). The fifth *Poulis* factor requires the Court to consider whether alternate sanctions other than dismissal would be appropriate. The Court concludes that, at this point, only dismissal of the First Amended Counterclaim and Crossclaim would be an effective and appropriate sanction for parties who have not appeared in litigation for seven years.

The sixth *Poulis* factor relates to the merit of IProvide and Leerdam's claims. While Avaya has expounded at length in its brief that the Third-Party Plaintiffs' causes of action fail to state a claim, the Court does not have the benefit of any opposing views to properly assess this factor. *See Ramada Worldwide, Inc. v. Veer Enters., LLC*, 2013 WL 1314451, at *5 (D.N.J. Mar. 28, 2013) ("The Court declines to address the sixth *Poulis* factor, as it is impossible to evaluate the merits of [defendant's] defenses given his lack of participation in this action."). Even if the Court were to assume, "without deciding, that there was some merit to [the Third-Party Plaintiffs'] claims, not all *Poulis* factors must weigh in favor of dismissal in order for dismissal to be warranted." *Hunter v. Keller*, 239 F. App'x 771, 772 (3d Cir. 2007) (citing *Curtis T. Bedwell & Sons, Inc., v. Int'l Fidelity Ins. Co.*, 843 F.2d 683, 696 (3d Cir. 1988)). Here, at least

7

five of the six *Poulis* factors favor dismissal—with the Third-Party Plaintiffs' responsibility for causing the litigation deadlock assuming paramount importance—and "the Court need not make a determination on the sixth *Poulis* factor to find in favor of [the moving party's] motion." *Ramada Worldwide*, 2013 WL 1314451, at *5. Thus, the Court finds that its consideration of the *Poulis* factors weighs in favor of granting Avaya and Tallard's Motion to Dismiss IProvide and Leerdam's First Amended Counterclaim and Crossclaim under Rule 41(b).

### B. Dismissal Pursuant to Rule 41(a)

Tallard has moved to dismiss this action against Defendants pursuant to Rule 41(a)(2), which provides:

> [A]n action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed. R. Civ. P. 41(a)(2). Here, Defendants filed a Counterclaim in 2005—seven years before Tallard filed its Motion to Dismiss. As previously indicated, however, Defendants have not appeared since 2006, and have not responded to Tallard's Motion to Dismiss. Moreover, as discussed above, sufficient grounds exist to dismiss the Counterclaim for failure to prosecute.

In its brief, Tallard cites the same argument raised by Avaya as supporting its motion to dismiss under Rule 41(a)(2): the failure of IProvide and Leerdam to comply with Court Orders requiring them to secure counsel. The Third Circuit has made clear that "Rule 41 motions should be allowed unless defendant will suffer some prejudice other than the mere prospect of a second lawsuit." *In re Paoli R.R. Yard PCB Litig.*, 916 F.2d 829, 863 (3d Cir. 1990) (citation omitted). Here, Defendants have not appeared for many years and have not responded to Tallard's Motion

to Dismiss. Thus, no prejudice is evident under the circumstances.[4] Accordingly, the Court will grant Tallard's Motion to Dismiss.

## CONCLUSION

For the reasons set forth above, the Court will grant "Third-Party Defendant Avaya, Inc.'s Renewed and Supplemental Motion to Dismiss Third-Party Plaintiffs' First Amended Counterclaim and Cross Claim" (Dkt. No. 77), joined in by Plaintiff Tallard Technologies, Inc. (Dkt. No. 79). Further, the Court will grant Tallard's "Motion to Dismiss Claims Against Defendants." (Dkt. No. 81).

An appropriate Order accompanies this Memorandum Opinion.

Date: May 22, 2013 _____/s/_____
Wilma A. Lewis
District Judge

---

[4] Tallard's Certificate of Service provides that it served Leerdam with its Motion to Dismiss both at the post office box in St. Thomas indicated on the docket report, and also at the address that Defendants' former counsel served Defendants with the motion to withdraw and the Order granting the same. (Dkt. No. 81 at 5). Tallard's service upon Leerdam, as IProvide's registered agent, effected service on IProvide. *See supra* n.3.